State v. Clinton, Auditor, and Dubuclet, Treasurer.

## No. 4618.

:STATE OF LOUISIANA *v.* CHARLES CLINTON, Auditor, and A. DUBUCLET Treasurer. NEW ORLEANS, MOBILE AND TEXAS RAILROAD COMPANY, Intervenor.

"The State, on the petition of the Attorney General, having injoined the Auditor and the Treasurer from issuing warrants for the payment of and from paying certain obligations of the State, and having prayed to have the appropriations therefor and the said liabilities declared null, the New Orleans, Mobile and Texas Railroad Company intervened and moved to dissolve the injunction so far as it applied to the bonds of the State issued to said company.

"The grounds of the injunction were that the appropriation for the payment of the coupons of said bonds is a disguised donation of the funds of the State to a private corporation; that the Governor had no authority to subscribe for the stock of said company, and that the act 95 of 1871, by virtue of which the said bonds were issued, attempted to create a debt exceeding $100,000, without providing adequate means for its payment as required by article 111 of the State constitution, and also in excess of the constitutional limitation to the State indebtedness.

It is contended, on the other side, that the State can not sue to annul the bonds in question without first tendering back the stock which it is admitted has been received by the State in exchange for the bonds.

"The doctrine of tender could not be properly applied to this case. The State does not seek to annul the contract and recover back the bonds given as the price. The law officer of the State simply asks that her fiscal agents be prohibited from paying certain bonds and coupons, on the ground that the law which authorized their issuance is unconstitutional.

"The suit was not against the holders of the bonds, or the parties to the contract, and there was no one to whom the tender of the certificate of stock could be made. The injunction or prohibition issued on the petition of the Attorney General, made it legally impossible, while it existed, for the fiscal agents to pay, and in this way only were the rights of the intervening company affected, and the necessity imposed upon the company to take some legal proceedings to obtain payment. They chose to intervene in these proceedings in order to assert their rights and remove the obstructions to their access to the State treasury. They are therefore not in a position to plead that a tender of the stock should have been made to them before the issuance of the injunction herein, although it practically closed the treasury to them. But any judgment in the suit to which they were not made parties, would not have been *res judicata* as to them.

"This case must be remanded for further evidence and such proceedings as may be appropriate.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.* *A. P. Field,* Attorney General, *J. Q. A. Fellows, J. B. Cotton, Whitaker & Denégre,* for the State. *Howe, Prentiss* and *Alexander Walker,* for intervenor.

HOWELL, J. The State, on the petition of the Attorney General, having injoined the Auditor and Treasurer from issuing warrants for the payment of interest on, and from paying quite a list of the obligations of the State, and prayed to have the appropriations therefor and the said indebtedness declared null, the New Orleans, Mobile and Texas Railroad Company intervened in the suit and moved to dissolve the injunction, so far as it applied to the bonds of the State issued to said company.

The grounds of the injunction, in this respect, are that the appropriation for the payment of the coupons of said bonds is a disguised donation of the funds of the State to a private corporation; that the

Governor had no authority to subscribe for the stock of said company, and the act 95 of 1871, by virtue of which the said bonds were issued, attempts to create a debt exceeding $100,000 without providing adequate means for its payment, as required by article 111 of the State Constitution, and also in excess of the constitutional limitation to the State indebtedness.

The injunction was dissolved as to the intervenor, and the other parties appealed.

It is contended, on behalf of appellee, and we think correctly, that the State can not sue to annul the bonds in question without first tendering back the stock, which it is admitted has been received by the State in exchange for the bonds. There is not even an allegation of such tender, which, it is suggested, the Legislature alone is competent to make or authorize.

Judgment affirmed.

WYLY, J.   I was not present at the consultation at which this case was decided, and, therefore, I took no part in this decision.

### On Rehearing.

HOWELL, J.   The doctrine of tender was improperly applied in our former opinion.   The State did not sue to annul the contract of sale and recover back the bonds given as the price.   The law officer of the State, representing his principal, simply asked that the fiscal agents of the State be prohibited from paying the bonds and coupons described in the petition, on the ground, among others, that the laws authorizing the issuance of the bonds and making appropriations to pay the coupons, are unconstitutional.   The suit was not against the holders of the bonds or the parties to the contract, and there was no one to whom the tender of the certificate of stock could be made.   The injunction or prohibition, issued on the petition of the Attorney General, made it legally impossible, while it existed, for the fiscal agents to pay, and in this way only were the rights of the intervening company affected, and the necessity imposed on the company to take some legal proceedings to obtain payment.

They chose to intervene in these proceedings in order to assert their rights and remove the obstructions to their access to the State treasury. They are therefore not in a position to plead that a tender of the stock should have been made to them before the issuance of the injunction herein, although it practically closed the treasury to them.   But any judgment in the suit, to which they were not made parties, would not have been *res judicata* as to them.

The question arises, are they, having made themselves parties, enti-tled to have the injunction removed so far as it affects them. The case is not without difficulty. It is submitted on the pleadings, with the single admission that the State holds the certificate of stock, made, we presume, with reference to the plea of tender, and we are expected to determine the rights of the parties in interest, vast as they may be, upon the face of the papers.

It is contended, on behalf of the State and the people of the State, that the obligation of the State to indorse the second mortgage bonds of the intervening company and in lieu of which the purchase of stock was substituted was contingent, and that the conditions, upon which that obligation was to be fixed, had failed prior to the passage of the act authorizing the purchase of the stock and issuance of the bonds to pay for it, and hence the issuance of the bonds was the creation of a debt in violation of the prohibition amendment to the Constitution. This failure is said to be notorious, to wit : the nonconstruction of the branch road or any part thereof within the time prescribed by act 26 of 1869, under the provisions of which the company's bonds were to be guaranteed. If it be true that, at the date of the said act No. 95, the obligation of the State, in favor of the railroad company, was extin-guished or had lapsed, the said act 95, authorizing the issuance of the bonds in question, was the creation of a new debt ; but we are not pre-pared to say that such a fact may be judicially noticed, even in behalf of the public. But its importance is such that we are unwilling to hold the public responsible for the omission to furnish the necessary proof, and we have concluded to remand the case for evidence on the point and such other evidence and proceedings as may be appropriate.

It is therefore ordered that our decree herein be set aside; that the judgment appealed from be reversed, and this case be remanded for the taking of evidence and to be proceeded with in accordance to law.

### In Explanation.

Howell, J. Upon our attention being specially called, by inter-venor's counsel, to the various acts of the Legislature relative to the New Orleans, Mobile and Texas Railroad Company, we find that the hypothesis, as to the extinguishment of the State's contingent liability, upon which we based our decree, can not probably be supported ; but we are none the less indisposed to decide the case in its present condi-tion, as there are other important matters involved, and we can not resist the conviction that justice requires the case to be heard again in the court of the first instance, where it can be fully and fairly presented. In saying this we do not wish to be understood as sanctioning a second application for rehearing.